```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| United States of America, | : | |
|     Plaintiff, | : | |
|   v. | : | Case No. 2:07-cv-0080 |
| Huntington National Bank,<br>Account ****3558, et al., | : | JUDGE GRAHAM |
| | : | |
|     Defendants. | | |

<u>ORDER</u>

This is a civil forfeiture action filed pursuant to 18 U.S.C. §981 against four bank accounts. The claimants have moved for a partial release of the funds held in the four accounts (Doc. 12). The claimants seek the use of one-half of the monies in each of the accounts to secure legal counsel and any expert witnesses that may be required to defend against this action and any related criminal proceedings.

Title 18, United States Code, Section 983(f)(1) provides for the release of seized property if -

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost,

>concealed or transferred during the pendency
of the proceedings; and
(E) none of the conditions set forth in
paragraph (8) applies.

18 U.S.C. §983(f)(1).  The claimant must demonstrate that these conditions have been met.  18 U.S.C. §983(f)(6); see also United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260, 264, 265 (4th Cir. 2004).

The claimants state in their motion that they filed timely claims with the I.R.S. on or about November 1, 2006, after the bank accounts in question had been seized.  The Court will assume for the purposes of this motion that the claimants have a possessory interest in the four bank accounts.

The claimants fail even to address the issue of ties to the community much less whether such ties provide adequate assurance that the funds held in the bank accounts, if released, would still be available at the time of trial.  Given their proposed use of the funds, to secure legal counsel and/or expert witnesses, it is almost assured that these funds would, in fact, not be available at trial.  Accordingly, the claimants have failed to meet this condition.

As to the third factor, the motion describes in general terms the hardships that may be imposed in civil forfeiture cases and states without any evidentiary foundation that none of the claimants are wealthy individuals.  Although the seizure of the bank accounts occurred more than a year ago, the businesses owned by the claimants are apparently still operating, and there is no indication that any of the claimants has been left homeless.  Accordingly, the claimants have not demonstrated a substantial hardship as the result of the government's continued possession of the bank accounts.

The claimants have not identified any likely hardship caused by the government's continued possession of the bank

accounts except for their lack of financial wherewithal to secure legal counsel and/or expert witnesses. Assuming that such a hardship is one contemplated by §983(f), the Court finds that the hardship does not outweigh the risk that the funds will be transferred during the pendency of this proceeding.

Lastly, Section 983(f)(8)(A) forecloses the release of seized property consisting of "contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized...." Because the claimants have failed to show that the funds held in the four bank accounts "constitute the assets of a legitimate business," they are not entitled to a release of such funds under §983(f)(1).

Based on the foregoing, the claimants' for partial release of funds is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                        <u>/s/ Terence P. Kemp</u>
                        United States Magistrate Judge